1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  LARRY HEGGEM,                                    Case No. C11-1333 RSM

                    Plaintiff,                      ORDER DENYING MOTIONS

10

11        vs.

12  SNOHOMISH COUNTY CORRECTIONS,
    et al.,

13                  Defendants.

14

15        This matter comes before the Court upon the following motions by Plaintiff Larry

16  Heggem: Motion for Summary Judgment (Dkt. # 415), Motion to Compel Court Order (Dkt. #

17  417), and Motion for Discretionary Review (Dkt. # 419). Having considered the parties'

18  memoranda and the relevant record, and being fully informed, the Court denies all three motions

19  for the reasons stated herein.

20        First, Mr. Heggem moves for summary judgment on his excessive use of force claim

21  against the two remaining defendants in this case, Sergeant Miller and Officer Nicholas. Dkt. #

22  415. On July 25, 2012, the Court adopted Judge Tsuchida's Report and Recommendation,

23

24  denying summary judgment as to these two defendants in consideration of the "stark differences

25  between the parties' claims" about the severity of the force they employed against Plaintiff. Dkt.

26

ORDER DENYING MOTIONS - 1

1   # 161, p. 11; Dkt. # 205. After extending the discovery period on request of the parties, *see, e.g.*,

2   Dkt. # 296, the Court entered a Scheduling Order on January 17, 2014, setting a dispositive

3   motions deadline of August 5, 2014. Dkt. # 305.

4       The instant Motion for Summary Judgment, filed 216 days after this dispositive motions

5   deadline, is clearly untimely and cannot be considered absent good cause for an extension. *See*

6   LCR 16(b)(3) (providing that summary judgment motions must be filed by the dispositive

7   motions deadline). Plaintiff has not sought a modification of the pre-trial schedule, and the Court

8   fails to identify good cause for extending the deadline at this late stage. *See* Fed. R. Civ. P.

9   16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.");

10  LCR 16(b)(4) ("Mere failure to complete discovery within the time allowed does not constitute

11  good cause for an extension or continuance."); *Zivkovic v. Southern California Edison Co.,* 302

12  F.3d 1080, 1087 (9th Cir. 2002) (a party demonstrates good cause for modification of the case

13  schedule by showing that, despite the exercise of due diligence, he was unable to meet the

14  deadlines set by the Court.). Although Plaintiff contends that the Motion is based on newly

15  discovered evidence, it is premised entirely on evidence disclosed during the discovery period.

16  Good cause is particularly wanting here, where Plaintiff was represented by counsel when the

17  dispositive motions deadline lapsed, and the trial date was only continued in consideration of

18  Plaintiff's decision to file suit against his appointed counsel.

19      Plaintiff, through his supplemental response brief, argues that the Motion should be

20  considered timely because it was filed more than 30 days before the current trial date. Plaintiff

21  misreads the Federal Rules. Federal Rule of Civil Procedure 56(b) allows a party to file a

22  summary judgment motion anytime until 30 days after the close of discovery, unless the Court

ORDER DENYING MOTIONS - 2

1   orders otherwise. *See* Fed. R. Civ. P. 56(b). The discovery period in this case closed on July 7,

2   2014, *see* Dkt. # 305, and the Court has already denied Plaintiff's request to reopen it. *See* Dkt. #

3   394. In addition, Plaintiff's 94-page Motion is well beyond the 24-page limit set by the Local

4   Rules and may be stricken on this ground alone. *See* LCR 7(e)(3). Despite its length, it fails to

5   persuade the Court to revisit its earlier determination that there are genuine issues as to material

6   facts that must be resolved at trial by the appropriate trier of fact.

7

8        Second, Plaintiff's Motion to Compel seeks a Court-ordered MRI scan of his spine, wrist,

9   hips, and elbows. *See* Dkt. # 417. Through this Motion, Plaintiff moves the Court to re-open the

10  discovery period—relief already denied by the Court. *See* Dkt. # 394. Plaintiff filed the instant

11  request well beyond the June 6, 2014 deadline for discovery-related motions, *See* Dkt. # 305, and

12  again makes no showing of good cause to reset long-lapsed deadlines. *See* LCR 16(b)(4).

13  Plaintiff's untimely request shall also be denied.

14

15       Third, Plaintiff's Motion for Discretionary Review moves the Court to conduct a

16  "discretionary review of former Defendant Matthew Eichelberger's declaration and deposition

17  statement." Dkt. # 419. The Court entered an Order on October 3, 2014, following oral

18  argument, granting Deputy Eichelberger's motion to dismiss him from this case. Dkt. # 354.

19  Plaintiff's Motion for Reconsideration of this Order was denied shortly thereafter. *See* Dkt. #

20  371. The Court construes Plaintiff's instant Motion as a second Motion for Reconsideration of

21  the Court's Order dismissing Deputy Eichelberger from this action. Local Rule 7(h) allows for

22  only one motion for reconsideration to be filed within fourteen days after the order to which it

23  relates is filed. LCR 7(h)(2). Plaintiff's Motion is thus both improper and untimely. Plaintiff's

24  Motion also fails to show manifest legal error in the Court's prior ruling or any facts or legal

25

26

1  authority that could not have been timely presented to this Court. *See* LCR 7(h)(1) ("Motions for

2  reconsideration are disfavored."). Plaintiff's Motion shall accordingly be denied on its merits as

3  well.[1]

4

5  Finally, Plaintiff is advised that the failure to comply with the Federal Rules of Civil

6  Procedure, the Local Rules, and the orders of this Court are all sanctionable offenses. LCR 11(c).

7  Similarly, Plaintiff's decision to file unnecessary motions or to otherwise multiply or obstruct the

8  proceedings in this case may subject him to imposition of any such penalty that this Court deems

9  proper and just. *Id.*[2]

10                                    **CONCLUSION**

11  For the reasons stated herein, it is hereby ORDERED that Plaintiff's Motion for

12  Summary Judgment (Dkt. # 415), Motion to Compel Court Order (Dkt. # 417), and Motion for

13  Discretionary Review (Dkt. # 419) are DENIED.

14

15  //

16  //

17  //

18

19  [1] Plaintiff's response brief re-styles his Motion for Discretionary Review as a "supplemental pleading." *See* Dkt. #

20  431. It is unclear to the Court what Plaintiff intends by this new designation. To the extent that Plaintiff seeks to file
    an amended complaint alleging new facts against this dismissed defendant, Plaintiff is reminded that the Court did

21  not grant him leave to amend in its Order dismissing Deputy Eichelberger. *See* Dkt. # 354. Plaintiff's Motion
    provides no basis to reconsider the Court's long-settled decision that Plaintiff's claim against Deputy Eichelberger

22  is barred on account of the former defendant's qualified immunity. As Plaintiff's request is improper and amendment
    would be futile, it too shall be denied. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1988)

23  (leave to amend need not be granted if amendment would be futile).
    [2] Local Rule 11(c) provides, in relevant part: "An attorney or party who without just cause fails to comply with any

24  of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court
    unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or

25  who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and
    penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may

26  be subject to such other sanctions as the court may deem appropriate."

1

2          Plaintiff is advised to respect the Court-ordered deadlines in this case and to avoid

3    obstructing the efficient conduct of these proceedings, as this case proceeds to trial on May 11,

4    2015. *See* Dkt. # 423.

5          Dated this 3rd day of April 2015.

6

7

8                                          RICARDO S. MARTINEZ

9                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING MOTIONS - 5