UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY HEGGEM,<br><br>        Plaintiff,<br><br>    vs.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.,<br><br>        Defendants. | Case No. C11-1333 RSM<br><br>ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE |

This matter comes before the Court on Supplemental Motions in Limine by Plaintiff Larry Heggem (Dkt. # 429) and Defendants Michael Miller and Stuart Nicholas (Dkt. # 441). On October 29, 2014, the Court made oral rulings on prior Motions in Limine, filed in anticipation of the previously stricken trial date. *See* Dkt. # 382. While the Court's prior rulings continue to pertain to the presentation of evidence at the upcoming May 11, 2015 trial, the Court offered the parties an opportunity to file the instant supplemental motions in limine. *See* Dkt. # 423. Having reviewed the parties' briefs and the relevant record and having heard oral argument during the

pre-trial conference, the Court now finds and ORDERS as follows, with the proviso that all rulings herein are preliminary and may be revisited as appropriate throughout trial[1]:

**A. Defendants' Motions in Limine (Dkt. # 441) are GRANTED in part and DEFERRED in part.**

(1) <u>Defendants' request to bar Plaintiff from calling Snohomish County Superior Judge Kurtz, or any other witnesses or evidence not previously disclosed, is GRANTED.</u>

In accordance with the Court's prior ruling on motions in limine and Federal Rules of Civil Procedure 26 and 37(c)(1), Plaintiff shall not be permitted to call witnesses or use evidence that he did not timely disclose. Furthermore, as the Court explained during the pre-trial conference, Judge Kurtz is not a proper witness in this case. Whether Judge Kurtz saw Plaintiff wearing an arm sling in August 2011 is not probative as to whether Defendants applied excessive force in restraining him in July 2011.

(2) <u>Defendants' request to bar Plaintiff from expressing personal opinions, observations, and recommendations at trial is GRANTED.</u>

Plaintiff is not permitted to express his beliefs regarding honesty or credibility of the opposing parties' witnesses. *See Ramsey v. American Air Filter Co., Inc.*, 772 F.2d 1303, 1311 (7th Cir. 1985). These are matters within the exclusive province of the jury to determine, which neither party is permitted to invade. Similarly, Plaintiff may not offer his personal observations, evaluations, and recommendations while examining witnesses. *See Lenard v. Argento*, 699 F.2d

---

[1] Although the instant motions in limine are not noted for hearing until May 11, 2015, the Court finds them ripe for resolution at this stage, following oral argument by the parties. The Court does not find that further briefing would affect their disposition.

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 2

874, 897 (7th Cir. 1983). As the Court has previously explained, Plaintiff, when acting in the role of his own counsel at trial, will be held to the same rules regarding examination of witnesses and presentation of evidence as a retained attorney.

(3) <u>Defendants' request to bar any evidence based on speculation or conjecture is GRANTED.</u>

Speculative testimony is not permitted in federal court. Rather, a fact witness is permitted only to testify to a matter about which a witness has personal knowledge and to offer opinions based on the witness's own perception. FRE 602; FRE 701. The parties may raise specific objections at trial if testimony elicited strays into the realm of speculation or conjecture.

(4) <u>Defendants' request to bar Plaintiff from eliciting or attempting to elicit testimony regarding witness's reputations and/or character evidence is GRANTED in part and DEFERRED in part.</u>

Except as specifically permitted by an exception under the Federal Rules of Evidence, neither side may introduce at trial evidence of party's or witness's character trait to show that that person acted in accordance with that trait on any particular occasion. FRE 404(a). The Federal Rules of Evidence do narrowly allow for the admission of reputation or opinion evidence about a witness's character for untruthfulness to attack her or his credibility, as well as the admission of evidence of truthful character once a witness's credibility has been attacked. FRE 608(a). Similarly, on cross-examination only, specific instances of a witness's past conduct may be inquired into if they are probative of a witness's character for truthfulness. FRE 608(b). Because of the complexity of the rules regarding character evidence, Plaintiff is instructed to

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 3

raise anticipated uses of such evidence to the Court at trial outside of the presence of the jury, at which time Defendants may raise any objections and a specific ruling shall be made.

**B. Plaintiff's Supplemental Motions in Limine (Dkt. # 429) are GRANTED in part, DENIED in part, and DEFERRED in part.**

(1) <u>Plaintiff's request to bar his own impeachment through evidence of his past criminal convictions is GRANTED in part and DENIED in part.</u>

The Court agrees with Defendants that the fact of Plaintiff's extensive history of incarceration will necessarily be elucidated to the jurors at trial. For instance, as Defendants point out, the fact of Plaintiff's near twenty-year period of prior incarceration may well be relevant to the jury's determination of injuries traceable to Defendants' conduct at issue in this case, as well the calculation of damages if liability is found. However, the admissibility of extrinsic evidence of Plaintiff's specific crimes is a different matter, to be guided by the applicable Federal Rules of Evidence.

Where it is used to attack a Plaintiff's character for truthfulness, the Court is required to admit extrinsic evidence of Plaintiff's convictions for which his conviction or release from confinement occurred within the last decade and which were punishable by imprisonment for more than one year, subject to Rule 403 balancing. FRE 609(a)(1)(A). Accordingly, the following recent convictions may be admitted into evidence: Plaintiff' most recent 2014 felony convictions in Whatcom county, Plaintiff's 2011 conviction for cocaine (Ex. 58), Plaintiff's 2011 convictions for burglary (Ex. 59), and Plaintiff's 2002 convictions for burglary and trafficking in stolen property with a 2005 release date (Ex. 61). The Court finds that the probative value of

these convictions as they relate to Plaintiff's credibility outweighs their potential for undue prejudice.

Misdemeanor crimes occurring within the last decade may be admitted for impeachment purposes if establishing the elements of the crime require proving "a dishonest act or false statement." FRE 609(a)(2). The only applicable misdemeanor crime is Plaintiff's 2009 conviction for theft (Ex. 60). The Court cannot readily determine that this crime necessarily involves a "dishonest act or false statement" within the meaning of the Rules. *See United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977) (limiting "the 'dishonesty and false statement' language" within Rule 609 "to those crimes that involve some element of misrepresentation or other indicium of a propensity to lie," as compared to "those crimes which, bad though they are, do not carry with them a tinge of falsification"). This misdemeanor offense will accordingly not be admitted at trial.

With respect to impeachment with crimes that are a decade or older, evidence of the conviction is admissible if its probative value substantially outweighs its prejudicial impact and the proponent gives the adverse party reasonable notice of the intent to use the conviction and a fair opportunity to contest its use. FRE 609(b). The Rules give special weight to the admissibility of crimes that inherently implicate a propensity for untruthfulness, such as those involving perjury, fraud, or false pretense. *See* FRE 609(a)(2). In light of this policy, the Court finds that Plaintiff's 1983 conviction for fraud (Ex. 70) may be admitted for impeachment purposes, as its probative value with respect to Plaintiff's character for truthfulness substantially outweighs its prejudicial impact.  With respect to the remainder of Plaintiff's old convictions (Exs. 62-69) – those involving drugs, theft, and burglary—the Court finds that their minimal probative value as

to Plaintiff's truthful character does not substantially outweigh their prejudicial impact. These convictions shall not be admitted at trial for impeachment purposes. In making this determination, the Court is cognizant that Plaintiff is not on trial in this case and recognizes the importance of sanitizing his history of incarceration to enable the jury to assess the facts at issue without unduly filtering them through the lens of Plaintiff's criminal past.

(5) Plaintiff's request to bar the use of impeachment evidence to undermine a witness's credibility under FRE 607-610 is DEFERRED.

Certain uses of impeachment evidence for this purpose are permissible under the Rules, as discussed above. Both parties may raise specific objections at trial where evidence is introduced for an improper purpose.

(6) Plaintiff's request to exclude defense expert Robert Braggs Jr. from testifying is DENIED.

Plaintiff contends that Mr. Braggs should not be permitted to testify as an expert because he was Defendant Nicholas' training instructor and is therefore likely to be biased in his expressed opinions. While the Court does not find Mr. Braggs' relationship to Defendant Nicholas to be grounds for excluding the testimony, Plaintiff may cross-examine Mr. Braggs on potential biases within the confines of the Rules.

(7) The Court DEFERS Plaintiff's motions with respect to the following subjects: opinion testimony by lay witnesses, opinion testimony on an ultimate issue, interrogation of witnesses by the court, writings to refresh a witness's memory, and cumulative character evidence.

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 6

Plaintiff has not identified which evidence or witnesses he seeks to admit or exclude with respect to these motions. The Court thus finds that an evidentiary ruling at this time would be premature. The parties may raise specific objections at trial as appropriate.

(8) <u>Plaintiff's request to call corrections deputies and/or other jail employees as witnesses is DENIED.</u>

As explained above, Plaintiff is not permitted to call witnesses not timely identified.

(9) <u>Plaintiff's request for the admission of evidence regarding other lawsuits filed against Snohomish County Corrections ("SCC") or its employees is DEFERRED.</u>

Plaintiff has not identified which evidence he seeks to introduce or for what purpose, such that a specific ruling would be premature. Plaintiff is reminded that Snohomish County Corrections is no longer a defendant in this action. Unless Plaintiff can show to the Court at trial how evidence of any past lawsuits is probative of Defendant Nicholas' and Miller's conduct at issue in this case, it will not be admitted.

(10) <u>Plaintiff's request to admit evidence relating to dismissed claims against Matthew Eichelberger is similarly DEFERRED.</u>

Defendant is reminded that Deputy Eichelberger is no longer a defendant in this case, and the Court's ruling dismissing claims against him is final. Plaintiff is instructed to present to the Court at trial, outside the presence of the jury, specific evidence that he wishes to introduce that pertains to Deputy Eichelberger. To the extent that this evidence is not probative of Defendant Nicholas' and Miller's conduct at issue in this case, it too will not be admitted.

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 7

(11)     <u>The Court DENIES in part and DEFERS in part Plaintiff's request to allow all testimony and argument alleging that jail policies are constitutionally infirm and/or that failure to follow jail policies is tantamount to a constitutional violation.</u>

Plaintiff is reminded that his *Monell* claim against the SCC has been dismissed. Accordingly, evidence regarding the constitutionality of SCC policies is irrelevant and shall not be admitted. On the other hand, whether Defendants complied with SCC use of force and suicide prevention policies may be probative of the reasonableness of their actions. So too, evidence about the existence of SCC policies and procedures may be relevant to show the policy framework within which Defendants acted. *See Glenn v. Washington County*, 673 F.3d 864, 875 (9th Cir. 2011) (analyzing county's own use of force guidelines as probative of whether the force employed in a particular situation was warranted). Defendants may raise specific objections at trial if evidence of SCC policies is introduced for an improper purpose, and objections will be taken up outside the presence of the jury as needed.

(12)     <u>The Court DENIES in part Plaintiff's request to state a dollar amount of damages or inquire about any juror's ability to award any particular range of damages.</u>

Plaintiff is not permitted to try his case during voir dire or raise suggestions as to a specific dollar amount that would represent an appropriate remedy in his view. Plaintiff may inquire into potential biases of jurors with respect to awarding damages in general. The parties may raise objections during voir dire as appropriate.

(13)     <u>Plaintiff's request to dress in suit and tie and not to wear restraints during trial is GRANTED subject to courtroom security policies and needs</u>.

This ruling may be revisited at any point during trial as necessary and appropriate.

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 8

1     (14)     <u>Plaintiff's request to allow jurors to determine "what would obviously seem repugnant to the community of mankind" is STRICKEN.</u>

The empaneled jurors must comport with the Court's instructions and with the obligations that attach to their service.

Dated this 16th day of April 2015.

                                *[signature]*
                                RICARDO S. MARTINEZ
                                UNITED STATES DISTRICT JUDGE