UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY HEGGEM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.<br><br>　　　　　Defendants. | Case No. 2:11-cv-01333-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TRIAL CONTINUANCE AND DISMISSING COMPLAINT WITH PREJUDICE |

　　　　This matter comes before the Court on Motion for Five Month Continuance and to Reopen Discovery, as well as request for voluntary dismissal by *pro se* Plaintiff Larry Heggem. Dkt. ## 488, 489. On May 7, 2015, the Court held a telephonic status conference with the parties, at which time it heard oral argument on Mr. Heggem's instant Motion for a continuance. For the reasons stated in the Court's Order denying Plaintiff's prior motion for a continuance (Dkt. # 479), the Court denied Plaintiff's request to continue the trial date. Plaintiff's simultaneous request to reopen discovery is consequently denied as moot, as well as for the reasons stated in the Court's prior Order denying the same. *See* Dkt. # 394. Upon the Court's denial of his request for a continuance, Mr. Heggem moved telephonically to voluntarily withdraw his Complaint. Defendants having no objection and finding good cause to grant the requested relief, the Court granted Plaintiff's request to voluntarily dismiss this action pursuant

ORDER DENYING MOTION FOR CONTINUANCE AND  DISMISSING COMPLAINT WITH PREJUDICE - 1

to Fed. R. Civ. P. 41(a)(2). The sole question remaining in this case is what terms and conditions shall attach to this dismissal.

Where, as here, a plaintiff fails to specify whether the request for dismissal is with or without prejudice, the matter is left to the discretion of the lower court. *See Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir. 2002). Dismissal with prejudice is appropriate where "it would be inequitable or prejudicial to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993), citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). Factors relevant to the court's determination of whether to dismiss with prejudice include: (1) the defendant's efforts and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a summary judgment motion has been filed by the defendant. *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999); *Columbia Community Credit Union v. Chicago Title Ins. Co.*, 2010 WL 1992225 (W.D. Wash. 2010).

Here, all the relevant factors point toward dismissal with prejudice. First, Defendants have expended unusually extensive resources in preparing this case for trial, accommodating extended discovery and five continuances at Plaintiff's request. The last continuance and the instant dismissal have occurred the very day before trial, forcing Defendants to complete and then abandon their pre-trial preparations. As a result of their work on this case, defense counsel have been forced to expend additional resources defending against Plaintiff's separate lawsuit stating claims against them and his former defense counsel, a lawsuit that Mr. Heggem has also moved to voluntarily withdraw. *See Heggem v. Stoel Rives, LLP et al.*, No. 2:14-cv-1674-RSM-

ORDER DENYING MOTION FOR CONTINUANCE AND DISMISSING COMPLAINT WITH PREJUDICE - 2

JPD, Dkt. # 8. Second, this lawsuit has been plagued throughout by excessive delays brought upon by Plaintiff. In addition to the five continuances of trial, Plaintiff's indecisiveness over whether to retain appointed pro bono counsel and his frequent filing of frivolous motions despite repeated admonition by the Court have impeded the long-delayed resolution of this case. Third, the Court has found Plaintiff's reasons for seeking dismissal – his self-reported medical exigencies – lacking evidentiary support and insufficient to support good cause for moving the trial date. Finally, summary judgment has been sought by Defendants, who have been diligent throughout in endeavoring to reach a resolution of this case on the merits. For all these reasons, the Court finds dismissal with prejudice appropriate. In consideration of Plaintiff's limited financial resources and incarcerated status, no financial conditions shall be imposed.

Accordingly, the Court hereby ORDERS that Plaintiff's Motion for a Five Month Trial Continuance and to Reopen Discovery (Dkt. # 488) is DENIED and Plaintiff's request to voluntarily dismiss this action is GRANTED. This case shall be DISMISSED with prejudice and with each side to bear its own costs and expenses. The trial date in this matter is STRICKEN and this case shall be CLOSED.

DATED this 8th day of May, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE