UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY HEGGEM,<br><br>        Plaintiff,<br><br>   vs.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.,<br><br>        Defendants. | Case No. C11-1333 RSM<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

This matter comes before the Court on the latest Motion to Appoint Counsel by Plaintiff Larry Heggem. Dkt. #531. Plaintiff explains his request by stating only that he is in poor health, had counsel before, and that he "should be reappointed counsel again or to save time, settlement should take place." *Id*. Defendants oppose. Dkt. #532.

The Court has previously denied Mr. Heggem's request for re-appointment of counsel. *See* Dkt. #413. That Order stated:

> As Plaintiff is well aware, a litigant generally does not have a right to counsel in a civil case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 1990); *see also Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) ("[T]he appointment of counsel in a civil case is…a privilege and not a right."). The Court may, however, exercise its discretion to appoint counsel for indigent defendants under the statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(1), but even then only under exceptional circumstances.

> *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires the indigent litigant to show both a likelihood of success on the merits and that he is unable to articulate his claims in light of the complexity of the legal issues involved. *Id.*; *see also See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).
>
> With these factors in mind, the Court determines that Plaintiff's request for appointment of counsel at this juncture must be denied. While the Court previously appointed counsel for Plaintiff in this case (*see* Dkt. # 250), it does so at a substantially earlier stage in the litigation, with discovery yet to be conducted and an additional defendant involved. With extensive discovery now complete and the case narrowed through the Court's grant of qualified immunity to a former Defendant, the Court does not find the case so complex so as to preclude Plaintiff from adequately proceeding on his own behalf at trial. In addition to being able to articulate his claims in light of their complexity, Plaintiff has proved himself intimately familiar with the details of his case and indeed desiring of controlling both the goals and the strategies of this litigation. Plaintiff's instant Motion presents no new grounds for this Court to find that counsel must again be procured to represent him.
>
> More fundamentally, appointment of counsel in a civil case such as this is a privilege and not a right, and the decision whether to appoint remains committed to the sound discretion of the trial court. In the judgment of this Court, Plaintiff has extended this privilege to its limits, through his manifold motions to proceed on his own behalf and retractions of the same, his contravention of his written commitment to the Court to defer to his former counsel's litigation strategies, and finally his decision to file suit against his former counsel, necessitating their withdrawal. Bearing in mind that pro bono counsel are a limited resource, the Court does not find Plaintiff's case so exceptional as to require renewed appointment under these circumstances.

*Id.*

The Court finds that Plaintiff's instant Motion presents insufficient new grounds for this Court to appoint counsel. The Court relies on its previous analysis above. Accordingly, the Court hereby ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. # 531, is DENIED.

1  Dated this 27 Day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE